# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNETH N. LEBLEU, ET AL.** | : | **DOCKET NO. 06-0780** |
| **VS.** | : | **JUDGE MINALDI** |
| **STATE FARM FIRE & CASUALTY CO.** | : | **MAGISTRATE JUDGE WILSON** |

## ORDER

This matter was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The court has reviewed the complaint and the notice of removal and has concluded that it is facially apparent that the requisite jurisdictional amount is in controversy. *See Simon v. Wal-Mart, Inc.*, 193 F.3d 848 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).[1]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 28, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[1] In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are required to so allege in the petition. *Id.* Here, the petition contains no such limitation. Thus, Plaintiffs have, in effect, conceded in their state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.